Our next case for argument is Daniels v. United States May it please the Court Ms. Feit Thank you, Your Honor. May it please the Court There's one dispute remaining in this case and that's whether the Johnson error in the case is harmless And I know that I have an uphill battle here today because this Court has said that guideline errors that don't change the range are harmless But this would be the farthest stretch of that line of cases Ms. Feit, I want to ask you a question about the standard of review You just assumed, and you didn't flag in your opening brief that we have cases in the 2255 context applying, correct? You just assumed that Chapman applied and didn't acknowledge those cases I did not see those cases, Your Honor, and I apologize for that And in terms of what the standard here is, I think we both agree the standard is a little bit unclear I advocated it was the Chapman standard, the government advocated for the Brecht standard I don't think this Court has made a clear ruling on that I don't know that this case makes sense as the place to do that And really, both the Chapman and the Brecht standard are a little bit unsatisfying in this context because they're both ultimately about trial errors and the way the standards are articulated are a little confusing in the sentencing context But I think fundamentally we're arguing who has the burden of showing harmlessness or harmfulness And generally the burden is on the party who's defending the claim Counsel, I must say I don't see any error Why is this about harmless versus harmful error? Beckles holds that the guidelines, there's no vagueness problem in the guidelines Cross says, well, that's true only for the world of discretionary guidelines But it is apparently the case, because the career offender designation did not affect the range that what to make of the prior convictions is a matter of discretion That puts us back in the world of Beckles And given that we're in the world of Beckles, I can't see any error Well, the government has never argued that there's no error here There were certainly other errors in Mr. Daniel's sentencing and we've always agreed on that But among the errors was the definition of a crime Could you perhaps address my question? I'm asking you why in your view there is an error given the holding of Beckles And given the limits on the way Cross distinguished Beckles Because it was mandatory when Mr. Daniels was sentenced that he was sentenced as a career offender No, it's not, because it didn't affect his guideline range Because it didn't affect his guideline range, the judge had total discretion What to make of his prior convictions That's just an accurate statement of law in the world before Booker So I can't see why we're not governed by Beckles That's my problem And if there's an answer, this is your chance Thank you, Your Honor And my answer is, there is no question that in today's world A judge has discretion to say, you know what, I don't care about the career offender guideline I'm having a policy dispute with that guideline I'm going to sentence you not as a career offender They did not have that sort of discretion You're not coping with my question If the career offender guideline had increased the guideline range Everything you're saying would be true And then this case would be within the scope of Cross But I gather the parties agree that it did not increase the guideline range That the guideline range was driven by the drug quantity Correct, Your Honor That means that even before Booker The judge could make as much or as little of the prior convictions as he wanted Because they didn't raise the guideline range That's why I'm asking this question Because the way in which Cross distinguished Beckles Had to do with whether the guideline range was mandatory before Booker But the only thing that was mandatory before Booker here Was the drug quantity driven range That's what's causing my problem And that's what I'd like you to address Sure, I understand And I think we're talking about discretion and mandatory in two different ways I agree with you that in terms of the fact that the guideline range was the same And the judge was always afforded discretion within that range However, the facts of To make as much or as little of the prior convictions as the judge wanted Correct, but the label career offender was mandatory And the career offender guideline is the only part But it doesn't affect the guideline range That's the problem I'm having Sure, and I understand your problem, Your Honor And my concern is that the career offender guideline range Is the only part of the guidelines that has multiple impacts It both raises the guideline range But it didn't raise the guideline range That's the problem Correct, so I'm getting to the second part Which is that it's also a designation on a person that was created by Congress To refer to the worst of the worst That's equally true That's equally true Surely you're not arguing that Beckles is irrelevant To all career offender designations People are still designated as career offender under the guidelines And Beckles says that cannot be challenged on vagueness grounds Correct, Your Honor, and that is because at this point So you can't say Well, it's just bad to be designated a career offender And that's what you should be reviewing Beckles squarely blocks that line of argument I mean, obviously we just disagree on this But my position is that At this point, a judge can absolutely He has the discretion to disregard that designation That was not true in the past And the way to sort of clear this all up Would simply be to take this back to the sentencing judge Who's the most capable of knowing does this matter And, you know, we're obviously asking for resentencing This is something where potentially A Palladino-style remand would be appropriate Does this matter to you, Judge Stadmuller? Is this a basis for a reduced sentence in this case? Counsel, assume that there is an error It seemed to me that your argument That the career offender designation is itself the harm Was pretty speculative I mean, there isn't anything that you really pointed to Apart from, you know, there was some dicta And Navarez talking about just the stigma that goes along with that Correct, and it's, again, it's just that it is It has a special place in the guidelines As something mandated by Congress For people who should get maximum Or near-maximum sentences But if it didn't affect the range I'm talking about, you know, at the end of your brief You quote Navarez and you talk about the harm of the stigma And the potential restricted access To different things within prison But all that was pretty speculative Are you backing off of that? That apart from the guidelines range There's some separate harm that attaches Simply to career offender status? No, I'm not backing off of that It's clear that under the BOP guidelines There are continuing effects of the career offender range But those have been removed In what sense, Your Honor? The BOP understands that there was a misdesignation here And so any collateral consequences have been removed So what we have is an argument about A label without any legal consequences Are you relying on the letter from the probation officer That the government filed? Because there's nothing from the Bureau of Prisons Saying that they are treating Mr. Daniels Not as a career offender And I have reason to believe that that's not true Certainly the local probation office Says, no, he's not a career offender anymore He had a marijuana possession all those years ago But the collateral consequences are still there And then there's this third impact Which is simply that as the law changes As we kind of back away from the harshest Sentencing period of the 90s Unless Mr. Daniels actually gets the opportunity For a resentencing For a designation as a non-career offender by the court So that whatever sentence he's serving out Would be not as a career offender This is his only opportunity for that And I'll save the rest of my time for the bottle Mm-hmm Certainly, Ms. Feit Tableson May it please the Court Rebecca Tableson, United States Your Honors, this appeal concerns The post-conviction claim by Michael Daniels That in 1991 He was sentenced under the correct guidelines range But in the wrong cell on the sentencing table Many post-Johnson cases are complicated But this is not one It is clear that Daniels is not a career offender That has been clear for at least the past decade With no dispute from the U.S. Attorney's Office The U.S. Probation Office The District Court Or Daniels himself There is also no dispute That Daniels was sentenced under the correct guidelines range If he was resentenced tomorrow He would be subject to the same guidelines range As Judge Easterbrook's question suggested This appeal is really about The judge's exercise of his discretion Within that guidelines range And in truth, there is no real challenge To the substantive reasonableness Of the judge's sentence Which the judge explained at length Was based on Mr. Daniels' actual criminal history And his egregious criminal conduct In fact, nowhere in the sentencing transcript Did the District Court even hint That the career offender label had done any work In increasing Daniels' sentence He even explicitly said That the guidelines scoring of the criminal history Did not disadvantage Daniels Rather, it was his actual criminal conduct That was hurting him As a result, Daniels cannot identify any harm That he is suffering As a result of his mislabeling as a career offender Before the District Court, Daniels even said That a simple correction to the pre-sentence report Would moot this appeal In this court, Daniels has pointed to what he calls Collateral consequences of the career offender label But each of those is speculative Or totally vallied by the record This court and the Supreme Court Have emphasized over and over The difference between a direct appeal And a collateral attack A section 2255 proceeding Is not an avenue For clerical corrections For the vindication of harmless errors Or for the avoidance of vague and speculative Collateral consequences Numerous cases from this court make clear That even on direct appeal Mr. Daniels should not get past go With this claim As a matter of law and logic The same must be true on collateral review Counsel, can you address Judge Easterbrook's point That this isn't a case of whether the error was harmless or not But whether there was an error at all What would your position on that be? Thank you, Your Honor There was, in some sense, an error In that the pre-sentence report erroneously said That Michael Daniels was a career offender And as has been clear since at least 2008 None of the predicates that were originally thought to justify The career offender designation Were actually career offender predicates But to the extent that what's being alleged here You mean they were not career offender predicates Even under the residual clause? Correct, there were two One was a drug offense That was erroneously classified as a predicate Even though it did not carry The requisite intent and penalty That usually would go with the drug offense That it was a career offender predicate So Johnson affected his other predicate Which was rape of a child That was a residual clause predicate But he was already not a career offender Before Johnson And so that's why in 2008 and 2009 So what is the basis of this collateral attack? A collateral attack can be brought In time Only if the Supreme Court has changed the law In a way favorable to the defendant What you're arguing now Is that there was in fact no change of law Favorable to the defendant Because he was not a career offender With or without Johnson And with or without the benefit of clause Now of course the statute of limitations For the use of 2255 Is an affirmative defense Which I take it the United States has waived But what the argument you're now making Suggests that this should never have been Permitted as a collateral attack Because Johnson did no work I agree that Johnson did no practical work Here on his designation as a career offender Just to take a step back This is a long and convoluted procedural history For this case The government did assert a timeliness bar Under 2255 F3 Before the district court And also asserted it in the first round of briefing On this appeal before this court After Cross came down The government chose not to continue Reasserting the timeliness bar Under 2255 F3 And to simply point out This harmlessness issue Which really is a slam dunk And should be an easy way to resolve the case Independent of Cross But you are absolutely right your honor And I think there is no disagreement Between the parties on this point Mr. Daniels was never a career offender Well before Johnson And everyone recognized that Well before Johnson Including mostly Mr. Daniels himself Judge Barrett Did I complete answering your question? Yes Okay If there are no further questions your honors We would ask that the decision below Be affirmed Thank you Thank you counsel Ms. White anything further? Pardon? Okay Thank you very much The case is taken under advisement